**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DAVID STRUSMAN,

                 *Plaintiff*,

    v.

NYU LANGONE HOSPITALS, CHARLES
CATANZARO, *In His Individual and
Official Capacities,* BEVERLY TAVARES,
*In Her Individual and Official Capacities,*
and KALI ROBINSON, *In Her Individual
and Official Capacities*,

                 *Defendants*.

Case No. 1:19-cv-09450-LJL

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

**SCHOEMAN UPDIKE KAUFMAN
& GERBER LLP**
551 Fifth Avenue – 12th Floor
New York, New York 10176
Tel. (212) 661-5030
*Attorneys for Defendants,
NYU Langone Hospitals, Charles Catanzaro,
Evelyn Taveras (i/p/a "Beverly Tavares"), and
Kali Buehner (f/k/a Kali Robinson)*

***On the Brief:***

    Steven Gerber, Esq.
    Christopher M. McFadden, Esq.

Dated:  February 27, 2020

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................1

SUMMARY OF RELEVANT FACTUAL ALLEGATIONS ......................................................2

ARGUMENT ....................................................................................................4

      THE STATUTE OF LIMITATIONS HAS EXPIRED ON PLAINTIFF'S
      NYCHRL CLAIMS. PLAINTIFF'S ADMINISTRATIVE FILINGS DID NOT
      TOLL THE LIMITATIONS PERIOD ONCE THE CHARGE WAS, AT
      PLAINTIFF'S REQUEST, DISMISSED FOR ADMINISTRATIVE
      CONVENIENCE BY NYSDHR PURSUANT TO THE NYSHRL, N.Y. EXEC.
      LAW § 297.9 .......................................................................................4

CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*Abernethy v. Emblem Health, Inc.*,
   790 F. App'x 250 (2d Cir. 2019) ...............................................................3 n. 3

*Anderson v. City of N.Y.*, No. 16-CV-01051 (GBD) (KHP),
   2017 U.S. Dist. LEXIS 8358 (S.D.N.Y. Jan. 19, 2017)......................................4

*Bray v. N.Y.C. Dep't of Educ.*,
   2013 U.S. Dist. LEXIS 97109 (S.D.N.Y. July 10, 2013) ..................................9

*Cameron v. N.Y.C. Dep't of Educ.*, No. 15-CV-9900 (KMW),
   2018 U.S. Dist. LEXIS 27863 (S.D.N.Y. Feb. 21, 2018)..................................5

*Nixon v. TWC Admin. LLC*, No. 16-CV-6456 (AJN),
   2017 U.S. Dist. LEXIS 160175 (S.D.N.Y. Sep. 27, 2017)...............................6

*Poindexter v. EMI Record Grp., Inc.*,
   2012 U.S. Dist. LEXIS 42174, (S.D.N.Y. Mar. 27, 2012) ..............................8

*Shepherd v. Powers,*
   2012 U.S. Dist. LEXIS 141179, (S.D.N.Y. Sep. 27, 2012)..............................8

*Shojae v. Harlem Hosp. Ctr.*,
   764 F. App'x 113 (2d Cir. 2019) .................................................................5

*Sulton v. Wright*,
   265 F. Supp. 2d 292 (S.D.N.Y. 2003).............................................................8

**UNITED STATES CODE**

42 U.S.C. § 2000e-1, *et seq.* ("Title VII") ......................................................... *passim*

**FEDERAL RULES**

Fed. R. Civ. P. 12(b)(6)...................................................................................10

**STATE & LOCAL LAWS**

Admin. Code of the City of N.Y. § 8-101 *et seq*.
    ("New York City Human Rights Law" or "NYCHRL")...................................... *passim*

New York Exec. Law § 297 *et seq.*
    ("New York State Human Rights Law" or "NYSHRL") .................................... *passim*

**STATE & LOCAL RULES AND REGULATIONS**

N.Y. Civil Practice Law & Rules ("CPLR") § 214 ....................................................................4

47 Rules of the City of New York ("RCNY") § 1-11(a)(ii)(B) ...........................................6 n. 5

**PRELIMINARY STATEMENT**

This is an employment case in which Plaintiff alleges in his First Amended Complaint religious discrimination (First Cause of Action) and retaliation (Second Cause of Action) under Title VII, 42 U.S.C. §§ 2000e-1 *et seq.* ("Title VII"),  against NYU Langone Hospitals (hereinafter "NYU Langone");  religious discrimination (Third Cause of Action) and retaliation (Fourth Cause of Action) under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"), against NYU Langone, Kali Buehner (f/n/a "Kali Robinson") (hereinafter "Buehner"), Evelyn Taveras (misnamed as "Beverly Tavaras") (hereinafter "Taveras"), and Charles Catanzaro (hereinafter "Catanzaro") (collectively hereinafter "Defendants"); and aiding and abetting discrimination and retaliation under the NYCHRL (Fifth Cause of Action (mislabeled as "Eighth Cause of Action")) against Buehner, Taveras, and Catanzaro, individually (hereinafter collectively the "Individual Defendants").[1]

For the reasons that follow, Defendants respectfully submit that this Court should dismiss the Third, Fourth, and Fifth (mislabeled as Eighth) Causes of Action of the First Amended Complaint (occasionally, the "Am. Compl."), ECF Docket Index ("D.I.") No. 21, in their entirety and with prejudice.  These three NYCHRL-based Causes of Action are time-barred because the original Complaint in this lawsuit was filed on October 11, 2019 (D.I. 1), more than three years after the last discriminatory and/or retaliatory act alleged (September 1, 2016).  Plaintiff's dual-filing with the New York State Division of Human Rights ("NYSDHR") and the Equal Employment Opportunity Commission ("EEOC") of his charge of discrimination/retaliation (the

---

[1] In amending his original Complaint (ECF Docket Index ("D.I.") No. 1) with the First Amended Complaint (D.I. No. 21), Plaintiff removed three causes of action brought pursuant to the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 297 *et seq.,* and failed to renumber his NYCHRL aiding and abetting claim as the Fifth Cause of Action, rather than the "Eighth Cause of Action" as it appeared in the original Complaint.  There are only five Causes of Action in the First Amended Complaint, the first two brought under Title VII and the last three brought under the NYCHRL.

"Charge") did not toll the three-year statute of limitations of the NYCHRL.  This is because the NYCHRL's three-year statute of limitations was not tolled when the NYSDHR dismissed the Charge upon Plaintiff's initiative and request, "on the grounds of administrative convenience" pursuant to the New York State Human Rights Law, N.Y. Exec Law, Art. 15 §§ 297 *et seq*. ("NYSHRL"), as Plaintiff "intends to pursue federal remedies in court."   *See* accompanying Declaration of Daniel Driesen, Esq. ("Driesen Decl.") ¶ 6 and Ex. B, NYSDHR's Dismissal of Plaintiff's Charge (the "NYSDHR Dismissal").  The plain language of the NYCHRL impels the conclusion that under these undeniable circumstances, circumstances of his or his counsel's own doing, Plaintiff is not entitled to the benefit of tolling. This Court respectfully must dismiss with prejudice all claims in the First Amended Complaint brought under the NYCHRL (Third, Fourth, and Fifth (mislabeled as Eighth) Causes of Action).  Since no Title VII claims against the Individual Defendants are (or properly could be) asserted in the First Amended Complaint, the appropriate dismissal of all of Plaintiff's NYCHRL claims against the Individual Defendants results in their dismissal as parties-defendants in this civil action.

## SUMMARY OF RELEVANT FACTUAL ALLEGATIONS[2]

Plaintiff alleges that while employed by NYU Langone on a part-time basis, he applied for a full-time Monday to Thursday Lead Pulmonary Function Technologist position in March-April 2016.  *See* Am. Compl. ¶¶ 2, 24, 30-41.  Plaintiff further alleges that Defendants offered him a Monday to Friday position in July 2016 and then denied his request to leave early or not work on Fridays, so that he could observe the Sabbath.  *See* Am. Compl. ¶¶ 3-6, 42-55.  Plaintiff

---

[2] This summary of Plaintiff's relevant factual allegations is for the purpose of this motion to dismiss the NYCHRL Causes of Action only.  It does not constitute an admission by Defendants of any allegations or any liability whatsoever on the part of Defendants.  Further, because this motion is based solely on statute of limitations grounds, a detailed summary of Plaintiff's pre-termination allegations is not necessary.  This summary, therefore, focuses only on those allegations material to the determination of this motion.

contends that Defendants discriminated against him by, *inter alia*, denying him training, offering him positions that were not consistent with his religious request, accusing him of misconduct and, finally, terminating his employment on or about September 1, 2016.  *See* Am. Compl. ¶¶ 7-10, 121.

Plaintiff filed a Charge of Discrimination with the EEOC (the "Charge") on September 15, 2016.  *See* Am. Compl. ¶ 14.  The EEOC Charge was dual-filed with the NYSDHR.  *See* Driesen Decl., ¶¶ 3-5 and EEOC Charge and NYSDHR dual-filed Charge collectively attached thereto as Ex.  A.[3]  The Charge states that September 1, 2016 is the latest date that discrimination or retaliation took place, consistent with Plaintiff's allegation that he was terminated on or about that date.  *See* Driesen Decl., Ex. A.

The NYSDHR dismissed Plaintiff's Charge "for administrative convenience" pursuant to NYSHRL, N.Y. Exec. Law § 297.3, on or about October 9, 2019 (the "NYSDHR Dismissal"), entirely at Plaintiff's request.  *See* Am. Compl. § 14; Driesen Decl. ¶ 6 & Ex. B.[4]  The NYSDHR Dismissal states that Plaintiff's Charge was "dismissed on the grounds of administrative

---

[3] In deciding a motion to dismiss, courts consider not only the allegations on the face of the complaint, but "documents appended to the complaint or incorporated in the complaint by reference, facts that can be judicially noticed, and documents integral to the complaint." *See, e.g., Abernethy v. Emblem Health, Inc*., 790 F. App'x 250 (2d Cir. 2019) (internal quotations omitted).  As the Plaintiff's Charge is plainly incorporated by reference in the First Amended Complaint as well as integral to this pleading, this Court should consider it.

[4] The NYSDHR Dismissal, which is found in Exhibit 1 to the initial Complaint (D.I. 1-1), is conspicuously absent from the First Amended Complaint, no doubt because Plaintiff now realizes that the language contained therein is fatal to his NYCHRL claims.  Prior to the February 4, 2020 reallocation of this matter to the Hon. Lewis J. Liman, U.S.D.J., Defendants filed with the Court a pre-motion letter request for leave to file their motion to dismiss the NYSHRL and the NYCHRL Causes of Action in the original Complaint.  *See* D.I. 13, filed December 18, 2019.  Plaintiff thereafter filed the First Amended Complaint (D.I. 21), deleting only the NYSHRL claims.  Regardless, Plaintiff refers to the NYSDHR Dismissal and it is an integral part of the First Amended Complaint.  For the same reasons that the Court should consider the Charge, *see* n. 3, *supra,* the Court likewise should consider the NYSDHR Dismissal in this motion.

convenience" because "[t]he *Complainant intends to pursue federal remedies in court*, in which forum all the issues concerning the question of discrimination charged can be resolved."  Driesen Decl., Ex. B (*emphasis supplied*).  The NYSDHR Dismissal further states that pursuant to the NYSHRL, N.Y. Exec. Law § 297.9, "where the Division has dismissed such complaint on the grounds of the administrative convenience, . . . such person shall maintain all rights to bring suit as if no complaint [charge of discrimination] had been filed" with the NYSDHR.

Plaintiff filed the initial Complaint in this Court on October 11, 2019, D.I. 1, more than three years after his alleged termination on September 1, 2016, the last alleged incident of discrimination or retaliation.

## ARGUMENT

**THE STATUTE OF LIMITATIONS HAS EXPIRED ON PLAINTIFF'S NYCHRL CLAIMS.  PLAINTIFF'S ADMINISTRATIVE FILINGS DID NOT TOLL THE LIMITATIONS PERIOD ONCE THE CHARGE WAS, AT PLAINTIFF'S REQUEST, DISMISSED FOR ADMINISTRATIVE CONVENIENCE BY NYSDHR PURSUANT TO THE NYSHRL, N.Y. EXEC. LAW § 297.9.**

Under the NYCHRL, N.Y.C. Admin. Code § 8-502(d), NYCHRL claims are subject to a three-year statute of limitations period. *See also* N.Y. Civil Practice Law & Rules ("CPLR") § 214; *Anderson v. City of N.Y.*, No. 1:16-cv-01051 (GBD) (KHP), 2017 U.S. Dist. LEXIS 8358, at *64 (S.D.N.Y. Jan. 19, 2017).   The statute of limitations on a NYCHRL claim generally is tolled upon "the filing of a complaint with the city commission on human rights or the state division of human rights and during the pendency of such complaint and any court proceeding for review of the dismissal of such complaint."  NYCHRL, N.Y.C. Admin. Code § 8-502.

Here, Plaintiff filed his Charge with the EEOC, an option which is <u>not</u> provided for in the NYCHRL as a means of obtaining the benefit of tolling NYCHRL claims.  Perhaps because of this language in the NYCHRL, the Second Circuit has not yet decided whether a plaintiff's filing of an EEOC charge tolls the three-year statute of limitation on the filing of a suit alleging

NYCHRL claims.  *Shojae v. Harlem Hosp. Ctr.*, 764 F. App'x 113, 114 n. 2 (2d Cir. 2019). While Defendants acknowledge that there are several District Court decisions allowing an EEOC charge filing to toll the statute of limitations on an NYCHRL claim, those decisions are inapposite here.  The underlying basis for those decisions is because those "courts have noted that there exists a work-sharing agreement between the EEOC and the New York State Division of Human Rights, under which discriminatory practice claims filed with the EEOC are automatically cross-filed with the New York State Division of Human Rights."  *Cameron v. N.Y.C. Dep't of Educ.*, No. 15-CV-9900 (KMW), 2018 U.S. Dist. LEXIS 27863, at *32 (S.D.N.Y. Feb. 21, 2018).

It is not a plaintiff's filing of a charge with the EEOC itself that tolls the NYCHRL statute of limitations.  The legislative body enacting the NYCHRL could have chosen to expressly include an EEOC charge filing as an alternative tolling basis of NYCHRL claims, but it did not.  Rather, it is the fact that in New York State, a charge filed with the EEOC is automatically dual-filed with the NYSDHR pursuant to the work-sharing agreement between those two agencies that in limited circumstances moves a federal EEOC charge filing within the purview of the NYCHRL tolling provision.  *See Cameron*, No. 15-CV-9900 (KMW), 2018 U.S. Dist. LEXIS 27863, at *33 ("Relying on the existence of this work-sharing agreement, the majority of judges in this District who have considered this issue have held that the statute of limitations for NYCHRL claims is tolled when the plaintiff files a related complaint with the EEOC.") (collecting cases).  The interaction of these two provisions -- the work-sharing agreement between the NYSDHR and the EEOC, whereby a charge filed with the EEOC is automatically considered dual-filed with the NYSDHR, and the NYCHRL provision that allows for a charge [complaint] filed with the NYSDHR to toll the NYCHRL statute of limitations – is the underlying legal basis for those District Courts to bridge the gap and find statutes of

limitations tolled on NYCHRL claims that were part of a charge filed with the EEOC. *Nixon v. TWC Admin. LLC*, No. 16-CV-6456 (AJN), 2017 U.S. Dist. LEXIS 160175, at *7 (S.D.N.Y. Sep. 27, 2017).

The plain language on the face of Plaintiff's EEOC Charge expressly states that filings with EEOC are dual-filed with the NYSDHR.  Near the top of the form, the EEOC Charge lists "New York State Division of Human Rights" as the state or local agency and toward the bottom, contains a statement that the charge will be filed with both the EEOC and that state or local agency. *See* Driesen Decl, Ex. A.[5]

In light of the trend among District Court decisions, Defendants acknowledge that under circumstances <u>different</u> than those here, Plaintiff might have reasonably argued that he was entitled to the benefit of the NYCHRL tolling provision by virtue of having effectively filed with the NYSDHR via his dual-filing of the Charge with the EEOC.  However, no circumstance supporting that argument is present here.  Plaintiff squandered any chance of obtaining that tolling benefit when he (or his counsel) made the decision to request dismissal of the Charge then pending with the NYSDHR, presumably so that Plaintiff could pursue this Title VII lawsuit sooner, rather than awaiting the NYSDHR's completion of its investigatory process.  <u>Doing so – requesting  NYSDHR to dismiss the Charge "as a matter of administrative convenience" – nullified Plaintiff's dual-filing with the NYSDHR as if it never occurred as a matter of statutory law</u>, thereby eliminating any basis for connecting his EEOC Charge to the NYCHRL tolling provision and subjecting Plaintiff's NYCHRL claims to the three-year period of limitations.

---

[5] There is no work-sharing agreement between the EEOC and the New York City Commission on Human Rights ("NYCCHR").  *See Nixon,* No. 16-CV-6456 (AJN), 2017 U.S. Dist. LEXIS 160175, at *8.  Therefore, to obtain the benefit of tolling by filing through the NYCCHR, an individual would need to file a charge directly with it.  However, the NYCCHR does not accept charges once they have been filed with another agency, 47 Rules of the City of New York ("RCNY") § 1-11(a)(ii)(B), and there is no allegation that Plaintiff ever filed a charge with the NYCCHR.

As the NYCHRL itself makes clear, tolling based on a filing with the NYSDHR is not absolute: "where a complaint filed with . . . the state division on human rights is dismissed . . . by the state division of human rights pursuant to subdivision 9 of section 297 of the executive law either for administrative convenience or on the grounds that such person's election of an administrative remedy is annulled, an aggrieved person shall maintain all rights to commence a civil action pursuant to this chapter as if no such complaint had been filed."  NYCHRL § 8-502(b). The cited provision of the NYSHRL, N.Y. Exec. Law § 297.9, expressly provides that,

> [a]t any time prior to a hearing before a hearing examiner, a person who has a complaint pending at the [D]ivision [of Human Rights] may request that the division dismiss the complaint and annul his or her election of remedies so that the [New York State] human rights law claim may be pursued in court . . . . [I]f a complaint is so annulled by the division, upon the request of the party bringing such complaint before the division, such party's rights to bring such cause of action before a court of appropriate jurisdiction shall be limited by the statute of limitations in effect in such court at the time the complaint [i.e., the Charge] was initially filed with the [D]ivision [of Human Rights].

If no Charge (a "complaint" in the statutory language of the NYSHRL) had been filed -- as is the case pursuant to the NYSHRL and NYCHRL here, where the Charge dual-filed with the NYSDHR was annulled as if it was never filed by dint of Plaintiff's request that it be dismissed -- it follows that no tolling would have occurred, and Plaintiff's NYCHRL claims would have had to been brought by September 1, 2019, three years after his termination.  As noted in the NYSDHR Dismissal, Plaintiff's Charge was, in fact, dismissed by the NYSDHR on Plaintiff's request on "the grounds of administrative convenience" because the "Complainant intends to pursue federal remedies in court."  *See* Driesen Decl., Ex. B.  The NYSDHR Dismissal further states that pursuant to the NYSHRL, N.Y. Exec. Law, § 297.9, "where the Division has dismissed such complaint on the grounds of the administrative convenience, . . . such person shall maintain all rights to bring suit as if no complaint [Charge] had been filed."  The language

of NYSHRL § 297.9 virtually mirrors the language in the NYCHRL § 8-502(b).

What Plaintiff chose to omit from the First Amended Complaint, after learning of Defendants' statute of limitations basis for their motion to dismiss the NYSHRL and NYCHRL claims in the original Complaint (D.I. 13), speaks volumes.  Plaintiff's decision to remove the NYSDHR Dismissal as an exhibit to the First Amended Complaint and to omit the previous allegations in the original Complaint, which make it clear that Plaintiff sought an administrative dismissal of his NYSDHR charge (D.I. 1, Compl. ¶ 16), is a futile attempt to camouflage both Plaintiff's role in requesting NYSDHR to dismiss the Charge and the basis for NYSDHR's dismissal of the Charge.  This is because the basis for the dismissal of the Charge by NYSDHR – Plaintiff's request that it do so – is fatal to Plaintiff's NYCHRL claims, just as it was fatal to his now abandoned NYSHRL claims in the original Complaint.

In any event, the language in the NYSDHR Dismissal, properly considered by this Court because of its required reference in the First Amended Complaint, clearly states that the NYSDHR Dismissal was at the behest of Plaintiff so Plaintiff could pursue his federal Title VII claims in court.  Plaintiff's attempts to ignore that fact to evade dismissal of his NYCHRL claims should not be countenanced by this Court.  *See Poindexter v. EMI Record Grp., Inc*., 2012 U.S. Dist. LEXIS 42174, at *6-7 (S.D.N.Y. Mar. 27, 2012) ("If a document relied on in the complaint contradicts allegations in the complaint, the document, not the allegations, control, and the court need not accept the allegations in the complaint as true . . . .Finally, even though the Amended Complaint is the operative pleading, the Court may still credit admissions in the original complaint and attached exhibits.") (citations omitted).  S*ee also Shepherd v. Powers,* 2012 U.S. Dist. LEXIS 141179, at *20 (S.D.N.Y. Sep. 27, 2012) (*citing Sulton v. Wright*, 265 F. Supp. 2d 292, 295 (S.D.N.Y. 2003) ("Admissions in earlier complaints remain binding when a plaintiff files subsequent pleadings.")).  Furthermore, Plaintiff's deliberate removal of the three NYSHRL

claims asserted in the original Complaint from the First Amended Complaint is tantamount to an admission that Plaintiff understands his decision to request the NYSDHR Dismissal nullified the NYSDHR dual-filing of the Charge and the tolling benefit that accompanied it.  There is no legal justification for treating the NYCHRL claims differently than the now abandoned NYSHRL claims.

As one of the Courts in this District has correctly held, "[w]hen a complaint is dismissed because a plaintiff has requested that the division dismiss the complaint, this annuls her election of remedies [and NYSHRL] Section 297(9) makes clear that the otherwise applicable statute of limitations is not tolled when such an annulment occurs." *Bray v. N.Y.C. Dep't of Educ.*, 2013 U.S. Dist. LEXIS 97109, at *32 (S.D.N.Y. July 10, 2013).  Because Plaintiff requested that the NYSDHR dismiss his Charge so that he could file this Title VII lawsuit then (in October 2019) and the NYSDHR did so pursuant to NYSHRL, N.Y. Exec. Law §297.9, Plaintiff chose to forego the benefit of tolling the NYCHRL claims to which he otherwise might have been entitled.  As a result, his NYCHRL claims are time-barred, and the Court should dismiss the Third, Fourth, and Fifth (mislabeled as Eighth) Causes of Action of the First Amended Complaint in their entirety and with prejudice.

**CONCLUSION**

For all of the foregoing reasons, Defendants NYU Langone Hospitals, Charles Catanzaro, Evelyn Taveras (I/p/a "Beverly Tavares"), and Kali Buehner (f/k/a "Kali Robinson") respectfully urge that their motion for partial dismissal of Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice be granted, dismissing all of the NYCHRL claims and thus dismissing all claims against the Individual Defendants.

Dated: New York, New York
        February 27, 2020

                        Respectfully submitted,

                        **SCHOEMAN UPDIKE KAUFMAN**
                        **& GERBER LLP**
                        *Attorneys for Defendants,*
                        *NYU Langone Hospitals, Charles Catanzaro,*
                        *Evelyn Taveras (i/p/a "Beverly Tavares"), and*
                        *Kali Buehner (f/k/a "Kali Robinson")*

        By:    _____
                        Steven Gerber
                        Christopher M. McFadden