USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/22/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
DAVID STRUSMAN, :
                     Plaintiff, :
     -v- :
: 19-cv-9450 (LJL)
NYU LANGONE HOSPITALS, CHARLES :
CATANZARO, *In His Individual and Official Capacities*, : OPINION & ORDER
BEVERLY TAVARES, *In Her Individual and Official* :
*Capacities*, and KALI ROBINSON, *In Her Individual* :
*and Official Capacities*, :
:
                     Defendants. :
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

    David Strusman ("Plaintiff" or "Strusman") brings religious discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII") and under the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8–107, *et seq.*, (the "NYCHRL"), against his former employer, NYU Langone Hospitals ("NYU Langone"), and certain of its employees (the "Individual Defendants") (collectively with NYU Langone, "Defendants"). (Dkt. No. 21.) Plaintiff's Title VII claims are brought only against NYU Langone. (*Id.* ¶¶ 143–168.) *See Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012) ("Employers, not individuals, are liable under Title VII.").

    Defendants now move to dismiss the NYCHRL claims—and thus all claims against the Individual Defendants—as time-barred under the applicable statute of limitations. (Dkt. No. 27 (the "Motion to Dismiss").) Plaintiff has filed an opposition to the motion and Defendants have replied. (Dkt. Nos. 31, 33.) For the following reasons, the Motion to Dismiss is denied.

## BACKGROUND

The Court accepts well-pleaded facts as true on a motion to dismiss. *See Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

Plaintiff began part-time employment with NYU Langone around October 2014. (Dkt. No. 21 ¶ 24.) On or about July 21, 2016, Defendants offered Plaintiff a full-time, Monday-to-Friday position. (*Id.* ¶¶ 43–44.) Plaintiff immediately requested, via email, a Monday-to-Thursday position to accommodate his observance of the Jewish Sabbath on Fridays. (*Id*. ¶¶ 45–46.) Six minutes after Plaintiff communicated his request, one of the Individual Defendants sent a response email denying it. (*Id*. ¶ 48.) Plaintiff then accepted the Monday-to-Friday position because he needed full-time employment. (*Id.* ¶ 55.) On or about August 11, 2016, Plaintiff submitted a formal request for an early Friday release time that would allow him to commute home before the Sabbath. (*Id*. ¶¶ 62–63, 71.) Defendants also denied that request. (*Id*. ¶ 74.) Plaintiff alleges that Defendants then began to plot his termination, eventually terminating him in retaliation for the protected activity of requesting a religious accommodation. (*Id*. ¶¶ 103, 118–121.)

## PROCEDURAL HISTORY

On September 15, 2016, Plaintiff filed a timely Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* ¶ 14.) The Charge identifies September 1, 2016 as the latest date that Plaintiff experienced discrimination or retaliation. (Dkt. No. 28–1 at 2.) The Charge was dual-filed with the New York State Division of Human Rights ("NYSDHR"). (*See* Dkt. No. 28 at 2; Dkt. No. 28–2.)[1] Slightly over three

---

[1] "[P]ursuant to a work-sharing agreement between the New York State Department of Human Rights . . . and the EEOC, charges filed with the EEOC are automatically considered dual-filed with the State—namely, with the [NYSDHR]." *Nixon v. TWC Admin. LLC*, 2017 WL 4712420, at *3 (S.D.N.Y. Sept. 27, 2017)

2

years later—on September 30, 2019—the NYSDHR dismissed the complaint[2] pursuant to Section 297.3 of the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* (the "NYSHRL"), "on the grounds of administrative convenience" for the following reason:

> The Complainant intends to pursue federal remedies in court, in which forum all the issues concerning the question of discrimination charged can be resolved.

(Dkt. No. 28–2 (the "NYSDHR Dismissal Order") (citing NYSHRL § 297.9.))[3] The NYSDHR Dismissal Order also noted that, pursuant to Section 297.9 of the NYSHRL, "where the Division has dismissed [a] complaint on the grounds of the administrative convenience, [the complainant] . . . shall maintain all rights to bring suit as if no complaint had been filed." *Id*.

Plaintiff filed his first complaint (the "Original Complaint") in this action on October 11, 2019. (Dkt. No. 1.) It asserted claims under Title VII, the NYCHRL, and the NYSHRL. (*Id.* ¶ 1.) According to the Original Complaint, Plaintiff made "repeated requests" to the EEOC for a Right-to-Sue letter but the EEOC "declined to provide" one and "instead advised Plaintiff that it referred the matter to the NYSDHR and advised Plaintiff to seek an administrative dismissal therewith[.]" (*Id.* ¶ 16.) The Original Complaint stated that Plaintiff was commencing the action "immediately upon receiving" the NYSDHR Dismissal Order, which was attached thereto as an appendix. (*Id.* ¶ 17; Dkt. No. 1–1.)

On or about January 8, 2020, Plaintiff received a Notice of Right to Sue from the EEOC. (Dkt. No. 21 ¶ 14.) Plaintiff filed his First Amended Complaint ("FAC") in this action on February 6, 2020. (*Id.*) The FAC contained the same factual allegations as the Original Complaint, but Plaintiff abandoned his NYSHRL claims. (*Id.*) That is, Plaintiff now pursues

---

[2] The dual-filed Charge as it stood before the NYSDHR will be termed a "complaint."

[3] That section provides: "If the division finds that noticing the complaint for hearing would be undesirable, the division may, in its unreviewable discretion, at any time prior to a hearing before a hearing examiner, dismiss the complaint on the grounds of administrative convenience." N.Y. Exec. Law § 297(c) (McKinney).

relief only under Title VII and the NYCHRL. (*Id.*) Contemporaneously with the filing of the FAC in this Court, and pursuant to Section 8-502 of the NYCHRL, Plaintiff mailed copies of the FAC to the New York City Commission of Human Rights ("NYCCHR"). (*Id.* ¶ 14; Dkt. No. 21–2.)[4]

On March 30, 2020, Defendants filed a motion to partially dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 27.) Defendants allege that Plaintiff's NYCHRL claims are time-barred because more than three years elapsed between the last actionable event and the filing of the Original Complaint, in violation of the three-year statute of limitations under the NYCHRL. (Dkt. No. 29 at iv.) Defendants contend, for reasons explained below, that Plaintiff cannot avail himself of any tolling benefit attendant to his NYSDHR complaint. (*Id.* at 2.) Indeed, Defendants point to Plaintiff's abandonment of the NYSHRL claims as evidence that Plaintiff understands that his NYSHRL claims are time-barred and they insist that his NY*C*HRL claims are time-barred for the same reasons. (*Id.*)

In his opposition, Plaintiff argues that his NYCHRL claims were tolled during the pendency of his NYSDHR complaint and that he did not lose the tolling benefit unless Defendants can prove wrongdoing under Section 8-502(e) of the NYCHRL (which they have not attempted to do). (Dkt. No. 31 at 21–22.) Plaintiff contends that the upshot of an administrative dismissal is not the same under the NYSHRL as it is under the NYCHRL and thus that his NYCHRL claims are still timely. (*Id.* at 18–19.)

## LEGAL STANDARDS

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that

---

[4] "[T]he New York City Commission on Human Rights does not have its own work-sharing agreement directly with the EEOC as the [NYSHRL] does." *Nixon*, 2017 WL 4712420, at *3.

4

is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he statute of limitations is ordinarily an affirmative defense that must be raised in the answer," *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citation omitted), but the Second Circuit has held that "[d]ismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises . . . [a statutory bar] as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)). If it appears from a complaint that claims are *prima facie* time-barred, those claims can only survive dismissal if a plaintiff "plausibly allege[s] that they fall within an exception to the applicable statute of limitations." *Twersky v. Yeshiva Univ.*, 993 F. Supp. 2d 429, 436 (S.D.N.Y. 2014) (citing cases).

## DISCUSSION

At issue in this case is whether Plaintiff's NYCHRL claims are time-barred. The parties do not dispute that the applicable limitations period under the NYCHRL is three years. *See* NYCHRL § 8-502(d) ("A civil action commenced under this section must be commenced within three years after the alleged unlawful discriminatory practice or act of discriminatory harassment or violence . . . occurred."). Nor do they dispute that the most recent discriminatory act is alleged to have occurred more than three years before Plaintiff filed his Original Complaint. (*See* Dkt. No. 31 at 17–18.) What remains in dispute is whether the three-year limitations period was tolled.

Under Section 8-502(a) of the NYCHRL, a person aggrieved by an unlawful discriminatory practice has an election of remedies. As one option, she can pursue "a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for

5

injunctive relief and such other remedies as may be appropriate." NYCHRL § 8-502(a). Alternatively, she can file "a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence." *Id.* As a general matter, once she has elected one of those remedies, she cannot pursue the other. In the words of the Administrative Code, she can pursue the cause of action in court "*unless* [she] has filed a complaint with the city commission on human rights or with the state division of human rights." *Id.*; *see Isbell v. City of New York*, 316 F. Supp. 3d 571, 583 (S.D.N.Y. 2018) (describing that language as an "election provision").[5] What the provision means is that, generally, "once NYSHRL and NYCHRL claims are 'brought before the NYSDHR, [they] may not be brought again as a plenary action in another court.'" *Isbell*, 316 F. Supp. 3d at 583 (quoting *York v. Ass'n of Bar of City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002)).

However, under Section 8-502(b), the NYCHRL establishes an exception to that rule, as follows:

> Notwithstanding any inconsistent provision of subdivision a of this section, where a complaint filed with the city commission on human rights or the state division on human rights is dismissed . . . by the state division of human rights pursuant to subdivision 9 of section 297 of the executive law . . . for administrative convenience. . . an aggrieved person shall maintain all rights to commence a civil action pursuant to this chapter as if no such complaint had been filed.

NYSCRL § 8-502(b). For Defendants, Section 8-502(b) is the beginning and end of the story. Plaintiff's complaint was dismissed by the NYSDHR for administrative convenience. Thus, Defendants argue, his rights reverted back to the rights he would have had "if no such complaint

---

[5] The "city commission on human rights" does not feature in this case. Strusman dual-filed his EEOC Charge with the NYSDHR and did not file any administrative grievance with the city commission. As noted above, "the New York City Commission on Human Rights does not have its own work-sharing agreement directly with the EEOC as the [NYSHRL] does." *Nixon*, 2017 WL 4712420, at *3.

had been filed." *Id.* If no complaint had been filed, Plaintiff would have had to file suit by September 1, 2019—three years after the unlawful employment act about which he complains.[6] (*See* Dkt. No. 21 ¶ 121.) He did not do so. Therefore, Defendants argue, the FAC should be dismissed.

But Defendants' interpretation is inconsistent with the text of the Administrative Code. *See Wang v. Phoenix Satellite Television US, Inc.*, 976 F. Supp. 2d 527, 532 (S.D.N.Y. 2013) ("In New York, the starting point of analysis is 'the plain meaning of the statutory language, since it is the statutory text which is the clearest indicator of legislative intent.'") (quoting *Ragucci v. Prof'l Constr. Servs.*, 803 N.Y.S.2d 139, 142 (2d Dep't 2005)). Section 8-502(b) begins with the prefatory clause, "Notwithstanding any inconsistent provision of subdivision a of this section." By its plain language then, the function of Section 8-502(b) is to qualify the otherwise harsh rule of Section 8-502(a). Section 8-502(a) precludes a person who has filed an administrative complaint from filing a complaint in court. *See* NYCHRL § 8-502(a) ("[A]ny person claiming to be a person aggrieved by an unlawful discriminatory practice . . . shall have a cause of action in any court . . . unless such person has filed a complaint with . . . the state division of human rights[.]"). Section 8-502(b) provides a limited exception to that rule: where a complaint has been dismissed for administrative convenience, the complainant "shall maintain all rights to" file an action in a court of competent jurisdiction "as if no such [administrative] complaint had been filed." In other words, she shall not lose the "rights" she would have lost by

---

[6] The parties agree that the EEOC Charge satisfies the provisions of Section 8-502(b). (*See* Dkt. No. 21 ¶ 14.; Dkt. No. 31 at 19–21.) That is because the NYSDHR and the EEOC have a work-sharing agreement pursuant to which a charge filed with the EEOC is automatically dual-filed with the State. *See Shojae v. Harlem Hosp. Ctr.*, 2020 WL 1862293, at *3 (S.D.N.Y. Apr. 14, 2020) (citing *Nixon*, 2017 WL 4712420, at *2). The filing with the EEOC thus achieves the purposes of Section 8-502(b) and Plaintiff is entitled to the tolling provisions of that section just as if he had filed directly with the NYSDHR. *See Esposito v. Deutsche Bank AG*, 2008 WL 5233590, at *5 (S.D.N.Y. Dec. 16, 2008).

operation of Section 8-502(a).  Indeed, for that reason, Section 8-502(b) has been called an "election provision."  *Isbell*, 316 F. Supp. 3d at 583.

The tolling provision of the Administrative Code lies elsewhere—in Section 8-502(d) of the NYCHRL.  Section 8-502(d) states:

> A civil action commenced under this section must be commenced within three years after the alleged unlawful discriminatory practice or act of discriminatory harassment or violence . . . occurred.  *Upon the filing of a complaint with . . . the state division of human rights and during the pendency of such complaint and any court proceeding for review of the dismissal of such complaint, such three-year limitations period shall be tolled.*

NYCHRL § 8-502(d) (emphasis added).  Section 8-502(d) is broadly worded and unconditional.  Its language admits no exception.

Moreover, Section 8-502(b)—the section on which Defendants rely—does not reference Section 8-502(d).  Section 8-502(b) does not qualify the tolling of the statute of limitations.  To the contrary, Section 8-502(b) expressly and only qualifies Section 8-502(a)'s rule regarding election of remedies.

The point is made even more clearly when the Court examines the NYCHRL as a whole and in context, as it is required to do in any case involving statutory interpretation.  "[T]he 'whole act' rule of statutory construction exhorts [the court] to read a section of a statute not 'in isolation from the context of the whole Act' but to 'look to the provisions of the whole law, and to its object and policy.'"  *United States v. Kozeny*, 541 F.3d 166, 171 (2d Cir. 2008) (quoting *United States v. Pacheco*, 225 F.3d 148, 154 (2d Cir. 2000)).

Section 8-502 *elsewhere* explicitly addresses the circumstances in which Section 8-502(d) applies and severely limits those circumstances.  Section 8-502(e)—unlike section 8-502(b)—expressly qualifies "any inconsistent provision" of Section 8-502 by providing, broadly:

8

> Notwithstanding any inconsistent provision of this *section*, where a complaint filed with the . . . state division of human rights is dismissed for administrative convenience *and such dismissal is due to the complainant's malfeasance, misfeasance or recalcitrance*, the three year limitation period on commencing a civil action pursuant to this section shall not be tolled. Unwillingness to accept a reasonable proposed conciliation agreement shall not be considered malfeasance, misfeasance or recalcitrance.

NYCHRL § 8-502(e) (emphasis added).  Section 8-502(e) thereby explicitly qualifies any inconsistent provision of Section 8-502 as a whole, *compare id.* § 8-502(e) *with id.* § 8-502(b) (qualifying only § 8-502(a)), and defines a category of dismissals for administrative convenience that—while still permitting the complainant to "maintain all rights to commence a civil action . . . as if no [administrative] complaint had been filed," *id.* § 8-502(b)—returns the complainant to the time limitations applicable when she first filed her administrative complaint.  That category is: dismissals for administrative convenience that are "due to the complainant's malfeasance, misfeasance or recalcitrance."  *Id.* § 8-502(e).  The Administrative Code takes care to note that a complainant will not sacrifice the tolling benefit—that is, will not be considered "malteasan[t], misfeasan[t], or recalcitran[t]"—by refusing to accept a reasonable proposed conciliation agreement.  *Id.*

Two deductions from the analysis above reveal that Defendants' interpretation of Section 8-502 cannot survive.  First, the Administrative Code language demonstrates that its drafters knew how to deny the benefit of tolling when they wanted to do so.  *See Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion."); *Bates v. United States*, 522 U.S. 23, 29 (1997) (where § 1097(d) included an "intent to defraud requirement" but § 1097(a) did not, the Court declined to "read[] words or elements into a statute that do not appear on its face"); *United States v. WB/Stellar IP Owner LLC*, 800 F. Supp. 2d 496, 510 (S.D.N.Y. 2011),

9

*aff'd sub nom. United States v. Glenn Gardens Assocs., L.P.*, 534 F. App'x 17 (2d Cir. 2013) (citing a "contrast" in language as demonstrative that "drafters of the regulation knew precisely how to make agency power discretionary but decided not to do so [in a certain section]").

The drafters wanted to deny the benefit of tolling in the category of cases articulated in Section 8-502(e). For all cases not in that category, they did not want to do so. Their intention to carve out a particular subset of cases is made particularly clear by the language that establishes protection for complainants who are "unwilling[] to accept a reasonable proposed conciliation agreement." NYCHRL § 8-502(e).

Second, Defendants' interpretation of Section 8-502(b) would render Section 8-502(e) surplusage. If it were the case that Section 8-502(b) precluded tolling for all administrative-convenience dismissals, then the drafters of the Administrative Code would have had no need to draft a sub-section specifying that administrative-convenience dismissals for "malfeasance, misfeasance or recalcitrance" be denied the benefit of tolling. All of the work would have been done by Section 8-502(b). *See Duran v. La Boom Disco, Inc.*, 955 F.3d 279, 284 (2d Cir. 2020) ("'Where possible we avoid construing a statute so as to render a provision mere surplusage[,]' deferring instead to another interpretation of the statute if one exists.") (quoting *Burrus v. Vegliante*, 336 F.3d 82, 91 (2d Cir. 2003)).

The conclusion here is further compelled by examining Section 297(9) of the New York Executive Law, to which Section 8-502 refers and to which the drafters of the Administrative Code plainly had as a model. *Compare* NYCHRL § 8-502(b) (referencing "subdivision 9 of section 297 of the executive law" and providing that "an aggrieved person shall maintain all rights to commence a civil action . . . as if no such complaint had been filed") *with* NYSHRL § 297(9) (referencing dismissal "on the grounds of administrative convenience" and providing

that "[a] person claiming to be aggrieved" shall "maintain all rights to bring suit as if no complaint had been filed"). Section 297(9) lays out the procedure for bringing a claim for violation of the NYSHRL.

Much like Sections 8-502(a)-(b) of the NYCHRL, Section 297(9) of the NYSHRL permits an election of remedies: a complainant may file a cause of action in a court of appropriate jurisdiction or an administrative complaint, but may not do both. *See* NYSHRL § 297(9). And similar to the NYCHRL, the NYSHRL's election-of-remedies bar on bringing a cause of action is not applicable "where the division has dismissed such complaint on the grounds of administrative convenience," in which case "such person shall maintain all rights to bring suit as if no complaint had been filed with the division." *Id.* The use of the identical language is telling. Moreover, under the NYSHRL, "a person who has a complaint pending at the [NYSDHR] may request that the [NYSDHR] dismiss the complaint and annul his or her election of remedies so that the [NYSHRL] claim may be pursued in court." *Id.* "[T]he [NYSDHR] may, upon such request, dismiss the complaint on the grounds that such person's election of an administrative remedy is annulled." *Id.* But, the New York Executive Law adds a unique qualifier that the New York City Council chose not to include in its comparable provision:

> [I]f a complaint is so annulled by the division, *upon the request of the party bringing such complaint before the division*, such party's rights to bring such cause of action before a court of appropriate jurisdiction shall be limited by the statute of limitations in effect in such court at the time the complaint was initially filed with the division.

*Id.* (emphasis added). Thus, it is clear the New York legislature drew a distinction between a person maintaining the rights to bring suit "as if no complaint had been filed" (the language of NYCHRL § 8-502(b)) and a person maintaining the rights to bring suit but reverting the limitations period back to where it was before any administrative complaint was filed. Only

11

when the annulment was at the request of the party bringing the complaint before the division—and not by the division on its own motion—would the limitations period revert to that at the time the complaint was initially filed and without giving effect to tolling. The New York legislature understood that the former ("as if no complaint had been filed") does not include the latter (eliminating tolling retroactively).

The New York City Council, by contrast, in considering the consequences of a dismissal for administrative convenience on the ability to bring a NYCHRL claim, did not add a similar qualifier. As noted above, it permitted the complainant to go to court as if no complaint had been filed while enjoying the benefit of tolling and without creating an exception for the species of administrative convenience dismissals that are requested by a complainant. Only one conclusion can be fairly drawn by comparing the two laws. The New York City Council, familiar with the New York legislature's choice to deny tolling to a complainant who requested an administrative convenience dismissal, knowingly decided not to create the same exception. It chose to permit a person complaining of a violation of city law to pursue that claim, with the benefit of tolling, regardless of whether the NYSDHR administratively dismissed the complaint on its own motion or at the complainant's request. *See Bray v. New York City Dep't of Educ.*, 2013 WL 3481532, at *13 (S.D.N.Y. July 10, 2013) (observing that "[t]he N.Y.C. Administrative Code does not appear to include a provision equivalent to that in Section 297(9) of New York's Executive Law, which requires any complainant who has voluntarily withdrawn her complaint from the NYSDHR to file her lawsuit within the statute of limitations period without the benefit of tolling").

Admittedly, application of those principles here leads to a result that may, at first glance, seem counterintuitive. Strusman's NYSHRL claim is time-barred because he asked the

12

NYSDHR to annul his administrative complaint, which disentitles him to tolling under State law. *See* NYSHRL § 297(9). At the same time, because of the different language and policy choice of the New York City Council, the same actions do not render his NYCHRL claims time-barred. His administrative-convenience dismissal was not for malfeasance, misfeasance or recalcitrance, and the NYCHRL lacks a provision like NYSHRL § 297(9) that denies tolling to all individuals who have requested administrative dismissals.

The New York City Council's choice, though, makes sense upon further study. One of the rationales behind NYSHRL § 297(9) is "agency convenience." *Henderson v. Town of Van Buren*, 789 N.Y.S.2d 355, 356 (4th Dep't 2005). By depriving complainants who provoke an administrative-convenience dismissal of the benefit of tolling, Section 297(9) discourages litigants from consuming State administrative adjudicatory resources only to start all over in court. *See id.* (noting that the administrative-convenience dismissals "did not serve agency convenience but rather the convenience of plaintiff" and that, "[u]nder those circumstances, the statute of limitations was not tolled during the pendency of the complaints filed with [the NYSDHR]"). The State legislature designed that protection for its own State agency. But the drafters of the NYCHRL may not have wanted to impose the same deterrence mechanism. Unlike the NYSDHR, "the New York City Commission on Human Rights does not have its own work-sharing agreement directly with the EEOC," *Nixon*, 2017 WL 4712420, at *3, and therefore might have less need to discourage unproductive uses of agency resources with respect to NYCHRL claims.

Alternatively, in balancing the competing considerations of the efficient use of agency resources with preserving the ability of the complainant to have a NYCHRL claim determined on the merits by some adjudicator, the New York City Council might have weighted more heavily

13

the interest in having claims adjudicated on the merits. Or the New York City Council might have wanted to accord the NYCCHR the flexibility to administratively dismiss a complaint rather than having a hearing, without the NYCCHR worrying that such dismissal would forever end a claim, and drafted a provision that applied equally to the NYSDHR. Whatever the reason, it is plain from the text of the NYCHRL that the New York City Council has exercised its right to make an independent policy choice regarding when the statute of limitations should be tolled. The Court must give effect to that language and permit Plaintiff's NYCHRL claims to go forward.

## CONCLUSION

For the reasons above, Defendants' motion to dismiss the NYCHRL claims is DENIED. The Clerk of Court is respectfully directed to close Dkt. No. 27.

SO ORDERED.

Dated: June 22, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge